E-FILED on      7/20/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARNELL FARMEARL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STOROPACK, INC,<br><br>　　　　Defendant. | No. C-04-02644 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER<br><br>**[Re Docket No. 28]** |

After attempting to meet-and-confer on the matter, plaintiff Darnell Farmearl asks the court to modify its scheduling order in this case. Defendant Storopack, Inc. ("Storopack") opposes plaintiff's motion. Plaintiff noticed this motion on July 1, 2005 for hearing on July 15, 2005. The parties stipulated to the shortened time for the hearing and briefing.

Plaintiff filed this action in state court, alleging racial discrimination and sexual harassment. Defendant removed to federal court on the grounds of diversity. On October 29, 2004, the parties appeared for a case management conference. At that conference, the court set the following dates: July 1, 2005 for the fact discovery cutoff; disclosure of experts by June 30, 2005; July 29, 2005 for the expert discovery cutoff; August 5, 2005 as the last day for hearing dispositive motions; September 29, 2005 for the pretrial conference; and October 11, 2005 for trial. Plaintiff has not completed the required discovery and has disclosed no experts

1 in this case. He now seeks to modify the schedule by extending the discovery deadlines and continuing (1) the
2 hearing date on defendant's motion for summary judgment and (2) the trial date.

3     Plaintiff asserts that he did not commence discovery sooner because the parties agreed to engage in
4 only limited discovery after their Early Neutral Evaluation ("ENE") session.  After the ENE session, which
5 occurred on or around March 30, 2005, the parties received a letter from the mediator expressing his interest
6 in continuing to help the parties resolve the matter and setting forth what appears to be his understanding of the
7 next steps.  April 1, 2005 Letter from Martin Dodd, Mot. Ex. 4 ("This will confirm that you will conduct some
8 further, focused discovery then may wish to resume mediation").  Plaintiff argues that this letter evidences the
9 parties' agreement to limit discovery until the next mediation session.

10     Plaintiff further contends that defendant has impeded his ability to take depositions by delaying the
11 deposition of a key defense witness, Ms. Burke.  Plaintiff claims this has hampered his ability to conduct
12 discovery because the parties agreed to depose Burke, then plaintiff.  Although Ms. Burke was deposed on
13 March 8, 2005, plaintiff contends that the deposition was cut short by defendant's counsel and defendant
14 prevented plaintiff from taking the remainder of Burke's deposition until around the fact discovery close date
15 of June 30, 2005, by severely restricting the dates on which she was available.

16     On June 20, 2005 the mediator sent an email to counsel for both parties memorializing his
17 understanding that, while plaintiff was interested in further mediation, defendant had noticed a motion for
18 summary judgment for August 5, 2005 one or more of plaintiff's claims and preferred to await the resolution
19 of that motion before engaging in mediation.  June 20, 2005 email from Martin Dodd, Mot. Ex. 8.  That same
20 day, presumably after receiving the mediator's email, plaintiff propounded written discovery and sought to
21 depose three more witnesses, Troy Biscardi, Lester Whisnant, and Truc Tran.

22     Defendant vigorously disputes that it ever agreed to "limited focused discovery" and argues that
23 plaintiff is solely to blame for his failure to timely conduct discovery.  Defendant points out that it has diligently
24 made discovery requests and moved forward with its case while plaintiff noticed and withdrew subpoenas to
25 depose Storopack employees.  It contends that plaintiff cannot demonstrate the requisite good cause warranting
26 modification of the court's schedule for this case.

27     It appears that the parties may have discussed the possibility of a second mediation, however, that fact
28 alone does not lend sufficient support to plaintiff's position that he limited discovery in anticipation of that

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER—C-04-02644 RMW
MAG                                                                                        2

possible mediation session. Defendant has produced letters indicating that, as of March 1, 2005, plaintiff had withdrawn the deposition subpoenas for Jesse Valderama and Lester Whisnant and defendant understood that those depositions would be rescheduled for some time after plaintiff's deposition.[1] Plaintiff was deposed on March 28. The mediation occurred on March 31. Plaintiff apparently did not request the deposition of additional Storopack personnel until around June 20.

Plaintiff's contention that he understood that the parties would only engage in limited discovery is unconvincing in light of the fact that defendant continued deposing plaintiff's witnesses following the March 31 ENE session, taking three depositions in mid-June. Additionally, even assuming that the parties had agreed to limited discovery, plaintiff provides no explanation for failing to designate any experts prior to the court's June 30, 2005 deadline for making such designations.

Plaintiff also explains that, because defendant delayed completion of Burke's deposition, he could not depose other witnesses due to the parties' agreement to complete Burke's deposition first. This argument is likewise unconvincing. Burke's was deposed on March 8; plaintiff was deposed on March 28, 2005. Plaintiff has produced no evidence that he was prevented by defendants from deposing other witnesses until after he completed Burke's deposition. Nor has he demonstrated that he raised any such concerns that further depositions were dependent upon the completion of Burke's deposition to defendant.

Because plaintiff has failed to show good cause for altering the schedule this court set in October 2004, the court denies the motion to modify the scheduling order. The court concludes, however, that plaintiff should be permitted to seek responses to written discovery propounded before the close of fact discovery. Except as set forth below, the court declines to extend the previously-established deadlines and dates. Defendant is, however, ordered to respond within 10 days of this order to plaintiff's discovery requests propounded prior to June 30, 2005.

---

[1] Plaintiff contends, without support, that defendant demanded that plaintiff withdraw these subpoenas until after Burke's deposition, who was deposed on March 8, 2004.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER—C-04-02644 RMW
MAG                                     3

1  In light of the discovery ordered, the court will continue defendant's motion for summary judgment to
2 September 2, 2005 at 9:00 a.m.  Plaintiff's opposition to defendant's motion shall be due no later than August
3 12, 2005.  Defendant's reply shall be due by August 19, 2005.  All other dates remain unchanged.

6  DATED:       7/20/05                              /s/ Ronald M. Whyte
                                                     RONALD M. WHYTE
7                                                    United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER—C-04-02644 RMW
MAG                                                  4

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**
Richard D. Schramm     rschramm@workplaceattys.com

**Counsel for Defendant(s):**

Thomas P. Brown     tbrown@ebglaw.com
Andrew J. Sommer    Asommer@ebglaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     7/20/05                        /s/ MAG
                                              **Chambers of Judge Whyte**

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER—C-04-02644 RMW
MAG                                           5