***E-FILED ON 10/14/05***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARNELL FARMEARL, | No. C04-02644 RMW (HRL) |
| Plaintiff, | **ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND (2) DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |
| v. | |
| STOROPACK, INC., | |
| Defendant. | **[Re: Docket No. 57]** |

On October 11, 2005, this court heard the "Motion to Compel Discovery or for Sanctions" filed by plaintiff Darnell Farmearl. Defendant Storopack, Inc. opposed the motion. Upon consideration of the papers filed by the parties, as well as the arguments of counsel, the court issues the following order.

1. In his reply brief, plaintiff acknowledges that Document Request No. 5 is now irrelevant in light of the District Court's September 12, 2005 summary judgment order. Additionally, plaintiff states that he is not seeking a further response to Document Request No. 15. Accordingly, plaintiff's motion as to these requests is DENIED AS MOOT.

2. Preliminarily, defendant argues that the instant motion to compel discovery should be denied because it was filed well after the deadline for filing such motions. It asserts that the fact discovery cutoff was July 1, 2005, and any motions to compel were therefore required to be filed by July 12, 2005. *See* Civ. L.R. 26-2 ("Where the Court has set separate deadlines for fact and expert

discovery, no motions to compel fact discovery may be filed more than 7 court days after the fact discovery cut-off . . ..").  Nevertheless, the District Court permitted plaintiff to seek the discovery at issue beyond the cutoff date despite the fact that the requests were belatedly served.  This court concludes that fairness dictates that he be given an opportunity to seek to enforce those requests.

3. Defendant also argues that the instant motion should be denied (or not entertained at all) because plaintiff failed to conduct meet/confer negotiations in person or by telephone.  Indeed, the court's Civil Local Rules require that, before a motion to compel is filed, the parties engage in direct dialogue, either in person or over the telephone, to resolve any discovery dispute.  Here, plaintiff's counsel acknowledges that he did not do so before filing the instant motion.  Given the nature of the issues presented, however, it seems that any further meet/confer efforts now would be unavailing.  Nevertheless, plaintiff's counsel is reminded that he is obliged to engage in meaningful meet/confer negotiations – either in person or by telephone – to resolve all disputed issues before seeking judicial intervention.  *See* Civ. L.R. 37-1(a); *see also* Civ. L.R. 1-5(n).

### Plaintiff's Motion to Compel Documents

4. Plaintiff has propounded requests seeking documents pertaining to (a) his employment (Request No. 2); (b) employee Ernie Fulgado's compensation (Request No. 3); (c) Ernie Fulgado's qualifications (Request No. 4); (d) "computerized files" of documents supplied by defendant at the deposition of its Human Resources Director, Evelyn Burke (Request No. 10); and (e) "computer files" of documents pertaining to plaintiff (Request No. 11).  Plaintiff moves for an order compelling defendant to produce responsive "computerized files."

It was not clear what plaintiff meant by "computerized documents," nor has he clearly articulated what categories of "computerized documents" he seeks.  At the hearing, plaintiff's counsel clarified that he seeks electronic copies of documents (i.e., to be produced on disks) pertaining to plaintiff's harassment complaints and to disciplinary actions against plaintiff.  Plaintiff contends that date discrepancies and formatting irregularities in the hard copy records produced by defendant indicate that defendant either doctored the documents or created them after-the-fact to defend against his claims in this lawsuit.  Defendant states that it has produced printouts of all responsive documents, including drafts (if any exist).  Nevertheless, this court finds that plaintiff should have an opportunity to

verify the integrity of the hard copy documents, and defendant has not demonstrated any undue burden that would be imposed.

Accordingly, **no later than October 25, 2005**, defendant shall produce a disk containing electronic copies of documents comprising, referring, relating or pertaining to (a) plaintiff's disciplinary records; (b) plaintiff's termination; and (c) defendant's investigation or inquiry (if any) into plaintiff's complaints made with defendant or with the California Department of Fair Employment and Housing ("DFEH"). Defendant's production shall include responsive documents, if any, from the particular subdirectory from Burke's files referenced by plaintiff at the motion hearing. The electronic files, including any meta data (i.e., information indicating when the file was created or modified and by whom), shall be produced as they are kept in the ordinary course of business in accordance with Fed.R.Civ.P. 34.

This order is without prejudice to plaintiff to request an expert inspection (at plaintiff's expense) of defendant's pertinent computer hard drives upon a showing that the disk information does not provide him with the information necessary to verify the integrity of defendant's documents.

5.  Plaintiff seeks personnel records of (a) Roberto Martinez, a co-worker who allegedly harassed plaintiff (Request No. 6); (b) Jesse Valderrama, plaintiff's former supervisor at Storopack (Request No. 7) and Troy Biscardi, a Storopack manager (Request No. 8).

With respect to Request No. 6, defendant represents that it has produced all non-privileged documents that refer or relate to Martinez's conduct which was of a racially or sexually offensive nature. Nevertheless, plaintiff's motion as to this request is GRANTED as to any responsive documents which refer or relate to (a) the incident in which Martinez allegedly left mice on sticky paper on plaintiff's desk and (b) plaintiff's complaints about Martinez's allegedly being drunk on the job. Such documents (if any) are relevant or reasonably calculated to lead to the discovery of admissible evidence pertaining to plaintiff's retaliatory discharge or wrongful discharge claims. In addition, to the extent defendant has responsive DFEH records in its possession, custody or control which it has not produced to plaintiff, it shall do so. All such documents shall be produced **no later than October 25, 2005**.

3

Plaintiff's motion as to Request Nos. 7 and 8 is DENIED. Plaintiff generally asserts that Valderrama and Biscardi's conduct and performance records will show "how Storopack treated non-Black employees different from Black employees . . ." (Mot. at 4:23-24). However, he has not sufficiently explained how such records are relevant or reasonably calculated to lead to the discovery of admissible evidence of his claims, nor has he shown a need for the information which outweighs these individuals' privacy interests. Moreover, to the extent plaintiff seeks documents showing whether these individuals exercised discretionary authority over decisions that ultimately determine corporate policy, defendant represents that it has none.

6. Plaintiff moves to compel several categories of documents pertaining to non-party employees including: (a) all documents reflecting "writings by employees about another employee's performance or conduct" (Request No. 9), (b) all documents reflecting "performance evaluations of management personnel" at defendant's San Jose office (Request No. 12); (c) all "time card documents for machine operators from July 1, 2001 through December 31, 2001" (Request No. 19); and (d) all "documents that refer or relate to any discipline taken against any Storopack San Jose employee" (Request No. 23).

Request Nos. 9 and 23 are overbroad, and plaintiff has not sufficiently demonstrated the relevance of other employees' writings and all other employees' disciplinary records as "comparative evidence." Nor has he articulated a need for such information that outweighs these individuals' privacy interests. His motion as to these requests is therefore DENIED.

Plaintiff has likewise failed to demonstrate the relevance of all management employees' disciplinary records or to explain how other machine operators' time card documents are relevant to "another form of harassment" against him. Accordingly, the motion is also DENIED as to Request Nos. 12 and 19.

7. Request No. 13 seeks "[a]ll documents that refer or relate to investigations conducted in the San Jose office of discrimination and harassment complaints from employees." The request is overbroad, and the court is unconvinced that the documents are relevant or necessary as "comparative evidence." In any event, defendant represents that it has produced all non-privileged responsive documents. With respect to any investigations of plaintiff's complaints, at the hearing, defense counsel

4

represented that there was no investigation of his complaints other than telephone calls between Burke and (unnamed) managers at the San Jose plant. He further represented to the court that these phone calls were not documented in any form or fashion, except perhaps in notes made by Storopack's attorneys. The court assumes that any claimed privilege documents have been included on defendant's privilege log. Based upon defendant's representations, there appears to be nothing to compel. Accordingly, plaintiff's motion as to this request is DENIED.

8. Request No. 16 seeks "[a]ll documents that refer or relate to training given to the management personnel in San Jose." The request is overbroad and vague as to "training." Nevertheless, defendant acknowledges in its opposition brief that anti-harassment training is relevant or reasonably calculated to lead to the discovery of admissible evidence pertaining to plaintiff's claims in this lawsuit. Accordingly, the motion is GRANTED as to any documents that refer or relate to anti-harassment training given to defendant's San Jose management personnel during the period of plaintiff's employment with defendant. Defendant shall produce all such documents **no later than October 25, 2005**. Plaintiff's motion as to Request No. 16 is otherwise DENIED.

9. Request No. 18 seeks documents "that explain how Storopack determined hourly rates to be paid to its machine operators." Plaintiff argues that defendant agreed to produce responsive documents but has not yet done so. However, defendant has served a supplemental response to this request stating that it "has no non-privileged documents that explain how Storopack determined hourly rates to be paid to its machine operators at the San Jose plant." Thus, there appear to be no documents to compel. Accordingly, plaintiff's motion as to this request is DENIED.

**Plaintiff's Motion to Compel Answers to Interrogatories**

10. Interrogatory No. 1 asks defendant to "[s]tate with particularity Defendant's responses to each factual matter asserted in Plaintiff's complaint." Defendant objects to the interrogatory on the ground that it seeks information pertaining to more than twenty-five discrete topics and therefore violates the numeric limit on interrogatories under Fed.R.Civ.P. 33(a). The court agrees. Accordingly, plaintiff's motion as to Interrogatory No. 1 is DENIED.

11. Interrogatory No. 2 asks defendant to "[i]dentify with particularity every occasion in which Defendant alleges Darnell Farmearl engaged in misconduct during his employment at Storopack,

5

Inc." In response, defendant asserted several objections, but nevertheless referred in its answer to several documents, including (a) the declarations of Evelyn Burke and Troy Biscardi submitted in support of defendant's summary judgment motion and (b) the 290-page transcript of Evelyn Burke's deposition. There is some question in this court's mind as to whether these documents are "business records" which may be identified in lieu of an answer under Fed.R.Civ.P. 33(d). Nevertheless, plaintiff's only complaint is that defendant should be compelled to specify where in the declarations and deposition transcript the responsive information is located.

Defendant has specified the records from which it claims the answer may be ascertained. Fed.R.Civ.P. 33(d) ("A specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer may be ascertained"). The court is not convinced that the burden of locating the responsive information within the specified records is any greater for plaintiff than for defendant. Accordingly, plaintiff's motion as to this interrogatory is DENIED.

12. Interrogatory No. 3 asks defendant to "[i]dentify with particularity each instance in which a warehouse employee worked overtime hours (i.e., more than 8 hours in a day or 40 hours in a week) during the final three months of 2001." Plaintiff contends that the information is relevant because defendant allegedly allowed non-African-American employees to work overtime, but barred him from doing so. However, defendant has submitted excerpts of plaintiff's own deposition testimony in which he appears to acknowledge that (a) the denial of his overtime is not based on race discrimination and (b) Leray Williams, an African-American co-worker, was allowed to work overtime when plaintiff allegedly was not permitted to do so. (Sommer Decl., Ex. G (Farmearl Depo., 79:10-81:2)). The motion as to Interrogatory No. 3 is DENIED.

13. Interrogatory No. 4 asks defendant to "[i]dentify with particularity every form of communication between Darnell Farmearl and Roberto Martinez which Defendant contends was welcomed by Mr. Farmearl." In meet/confer negotiations, plaintiff apparently clarified that he sought instances of "mutual horseplay" between plaintiff and Martinez. Despite plaintiff's claim to the contrary, the papers submitted to the court show that defendant did serve its supplemental response to this interrogatory.

6

1    At the hearing, defense counsel represented, unequivocally, that defendant has identified all
2    the instances of "horseplay" of which it is currently aware. Accordingly, the motion as to this
3    interrogatory is DENIED. Nevertheless, the court notes that defendant also claims that it "is unable to
4    identify every possible communication between plaintiff and Martinez that demonstrates that they
5    engaged in 'horseplay,'" and apparently leaves it to defendant's employee-witnesses to testify at trial
6    about any incidents which defendant claims that it cannot now recall. Defendant is obliged to conduct
7    a reasonable investigation and to respond fully providing "such information as is available" to it. *See*
8    Fed.R.Civ.P. 33(a). Further, defendant is obliged "seasonably to amend" its discovery responses as
9    may be necessary. *See* Fed.R.Civ.P. 26(e). To the extent defendant attempts to introduce testimony
10   about any such incidents for the first time at trial, it shall be required to show good cause why it was
11   unable to disclose the information sooner.

12   14.    Interrogatory No. 5 asks defendant to "[i]dentify with particularity every internal
13   investigation conducted of the complaints raised by Darnell Farmearl about his working conditions at
14   Storopack, Inc." Defendant asserted a number of objections and states that it "is unable to respond
15   because Plaintiff complained so frequently throughout his employment concerning matters completely
16   unrelated to his harassment claim." Nevertheless, it responded that once plaintiff filed his DFEH
17   complaint, defendant "conducted an investigation of his allegations which included interviewing plant
18   management." Defendant represents that it has provided a complete response as to plaintiff's
19   harassment complaints based on currently available information. Accordingly, the motion as to this
20   request is DENIED. As noted above, however, defendant is reminded of its obligation to conduct a
21   reasonable investigation as to the matter and to seasonably amend its response as may be necessary.
22   Fed.R.Civ. P. 33(a), 26(e).

23   15.    Interrogatory No. 6 asks defendant to "[s]tate with particularity all facts that support
24   any denials Defendant has of the factual allegations made in the declarations used as exhibits in the
25   Evelyn Burke deposition." Defendant contends that this interrogatory seeks information pertaining to
26   more than 25 discrete topics and therefore violates the 25-interrogatory limit set by Fed.R.Civ.P.
27   33(a). Plaintiff contends that the interrogatory should be construed as only two separate requests.
28

7

1   Neither party has presented any basis for this court to meaningfully evaluate its assertions.
2   Accordingly, the motion is DENIED.

3     16. Interrogatory No. 7 asks defendant to "[s]tate with particularity all facts that support
4   Defendant's contention that Darnell Farmearl was never subjected to any incidents of harassment
5   during the course of his employment." Defendant asserted several objections, but nevertheless
6   responded with reasons why it believes that plaintiff was not subject to unwelcome harassment which
7   created a hostile work environment. Plaintiff fails to demonstrate how defendant's response is
8   "evasive and non-responsive." The motion as to this interrogatory is DENIED.

### Plaintiff's Motion to Compel Admissions

10    17. Request for Admission Nos. 1 and 2 seek admissions that "Darnell Farmearl's writing
11  in January 2003 that an employee was drunk while at work was at least one reason why Storopack
12  discharged Mr. Farmearl" and "Darnell Farmearl's writing in January 2003 that an employee drunk at
13  work had not been sent for a 'piss test' was at least one reason why Storopack discharged Mr.
14  Farmearl."

15    Defendant objected to the requests as vague and ambiguous as to the phrase "Darnell
16  Farmearl's writing." It also objected on the ground that, as worded, the requests create unfair
17  inferences and are subject to a variety of interpretations. Nevertheless, it responded with a qualified
18  admission that plaintiff was fired "for his continuously disrespectful and insubordinate conduct, which
19  was evidenced, in part, by him writing inflammatory comments about a co-worker on a wall calendar
20  that was visible in the workplace."

21    Plaintiff contends that defendant has re-written the interrogatories and that its responses
22  conflict with its stated position in the litigation that plaintiff was not fired for the content of his writings.
23  However, the court finds that defendant fairly qualified its admissions to reflect defendant's apparent
24  position that plaintiff was fired for the manner in which his "writing" was made. To the extent plaintiff
25  takes issue with the veracity of these responses, it is not this court's role on the present motion to
26  determine the truth of the matter asserted. Accordingly, the motion as to these requests are DENIED.

27    18. Request for Admission No. 3 seeks an admission that "[i]mmediately after seeing
28  Darnell Farmearl's writing on or about January 10, 2003 about Roberto Martinez, Storopack

1  concluded that Mr. Martinez had been under the influence of alcohol at work." Defendant objected to
2  the request as vague and ambiguous with respect to the phrase "Darnell Farmearl's writing" and
3  further objected that, as worded, the request created unfair inferences. Nonetheless, defendant
4  admitted that "it concluded that Mr. Martinez was under the influence of alcohol for reasons
5  independent of Mr. Farmearl's writing."

6  Plaintiff fails to articulate how defendant's response is deficient and asserts only that this
7  request "require[s] [a] respons[e] also." (Reply at 4:27). Accordingly, the motion as to this request
8  is DENIED.

9      19. Request for Admission No. 5 seeks an admission that "[a]fter receiving Darnell
10  Farmearl's administrative Charge of Discrimination, Storopack failed to conduct an investigation into
11  any of the claims in that Charge of Discrimination." Defendant objected to the phrase "administrative
12  Charge of Discrimination" as vague and ambiguous, but nevertheless denied the matter based upon its
13  understanding of the request. Plaintiff offers no explanation as to why defendant's response is
14  deficient, except to say that this request "require[s] [a] respons[e] also." (Reply at 4:27). The motion
15  as to this request is DENIED.

16      20. Request for Admission No. 6 seeks an admission that "[a]t no time during the two
17  year period prior to January 10, 2003, did Storopack ever investigate Darnell Farmearl's complaints
18  about sex or race discrimination." Defendant objected to the phrase "complaints about sex or race
19  discrimination" as vague and ambiguous. It nevertheless denied the matter based upon its
20  understanding of the request. Plaintiff offers no explanation as to why defendant's response is
21  deficient, asserting only that this request "require[s] [a] respons[e] also." (Reply at 4:27). The motion
22  as to this request is DENIED.

### Plaintiff's Motion for Sanctions

24      21. Plaintiff's motion for sanctions is DENIED. Defendant correctly notes that the motion
25  did not comply with Civil Local Rule 37-3. In any event, under the circumstances presented, the court
26  concludes that sanctions are not warranted.

27  Dated: October 14, 2005

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

9

1  5:04-cv-2644 Notice will be electronically mailed to:

2  Thomas P. Brown , IV     tbrown@ebglaw.com

3  Richard D. Schramm     rschramm@workplaceattys.com

4  Andrew J. Sommer     Asommer@ebglaw.com

5  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.